**From: The District Court of the 1st Judicial District. County of Lewis and Clark.**

**STATE OF MONTANA,**
    **Plaintiff,**                          **No. BDC-2001-238**
**vs.**                                     **Decision**
**LARRY KAHLE,**
    **Defendant.**

On January 10, 2002, the defendant was sentenced to twenty (20) years in the Montana State Prison, with fifteen (15) years suspended for the offense of Accountability (Forgery - Common Scheme), a felony. The defendant must complete the Connections Corrections Program, followed by a pre-release center program, before being parole eligible.

On May 2, 2002, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Peter Bovingdon. The state was not represented.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division of the Supreme Court of Montana provides that "the sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (§46-18-904(3), MCA).

The Division finds that the reasons advanced for modification are sufficient to hold that the sentence imposed by the District Court is excessive.

Therefore, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed, with the modification that the defendant complete the Connections Corrections program, or similar program, followed by a pre-release center program before being eligible for parole.

The Board finds the sentence clearly excessive in that the parole restriction only specified Connections Corrections. Similar programs should also allow the defendant to become parole eligible.

Done in open Court this 2nd day of May, 2002.

DATED this 22nd day of May, 2002.

Chairman, Hon. David Cybulski; Member, Hon. Katherine R. Curtis and Member, Hon. Marc Buyske.